1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  BELAIR LAND COMPANY, LLC,                    CASE NO. 1:12-cv-00158-AWI-SKO

12              Plaintiff,                       **ORDER REMANDING ACTION TO**
                                                 **STANISLAUS COUNTY SUPERIOR**
13       v.                                      **COURT**

14                                               (Docket No. 1)
    TORBIN DURAZO, et al.,
15
                Defendants.
16
17  _____/

18                          **I.  INTRODUCTION**

19          On December 28, 2011, Defendants Torbin Durazo and Nannette Reynolds ("Defendants")

20  filed a document in the United States Court for the Eastern District of California, Sacramento

21  Division entitled "NOTICE OF REMOVAL OF CASE TO FEDERAL COURT PURSUANT TO

22  28 U.S.C. §§ 1331 and 1446" (the "Removal Notice").  (Doc. 1.)  On February 3, 2012, the Eastern

23  District Court, Sacramento Division issued an Order of Intradistrict Transfer, finding that because

24  the property at issue in this action is located in Stanislaus County, the action should have been

25  commenced in the Fresno Division of the United States Court for the Eastern District of California.[1]

26

27

28          [1] *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United
    States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division
    embracing the place where such action is pending."  Stanislaus County sits in the Eastern District, Fresno Division.)

1   (Doc. 3.)  As such, the action was transferred from the Sacramento Division to the Fresno Division.

2   (Docs. 3, 4.)

3       The Removal Notice alleges that the removal is proper because the suit arises under federal

4   law.  28 U.S.C. §§ 1331, 1441(a).  Although Plaintiffs do not clearly set forth what federal question

5   is at issue, it appears that they are asserting that Defendants violated 12 U.S.C. § 5220, the

6   Assistance to Homeowners under the Troubled Assets Relief Program.  (Doc. 1, 2:25-26.)

7                                  **II.  DISCUSSION**

8   **A.    Legal Standard**

9       Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of

10  which the district courts of the United States have original jurisdiction, may be removed by the

11  defendant or the defendants, to the district court of the United States for the district and division

12  embracing the place where such action is pending."  A district court has "a duty to establish subject

13  matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."

14  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  "If at any

15  time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall

16  be remanded."  28 U.S.C. § 1447(c).

17      The removal statute is strictly construed against removal jurisdiction.    *Geographic*

18  *Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of*

19  *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that

20  a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the

21  contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07;

22  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

23  **B.    The Court Cannot Determine if Defendants' Removal Notice Was Timely**

24      Pursuant to 28 U.S.C. Section 1446(b), "notice of removal of a civil action or proceeding

25  shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of

26  a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

27  is based . . . ."  When removability is uncertain, the 30-day period is measured from the point at

28

2

1  which a defendant had notice that the action is removable; however, removal based on diversity must

2  be effected within one year after the case is filed.  *See* 28 U.S.C. § 1446(b).

3      The underlying state court case, no. 670464, an unlawful detainer action, was filed in

4  Stanislaus County Superior Court on November 2, 2011.  Defendants do not provide information as

5  to when they were served with the complaint.  No proof of service of the complaint was included

6  with the Defendants' Removal Notice, which was filed in the United States District Court, Eastern

7  District of California, Sacramento Division on December 28, 2011, fifty-six (56) days after the

8  complaint was filed in state court. Defendants included in the Removal Notice a copy of their

9  demurrer that appears to have been filed in state court. (Doc. 1, pp. 9-14.)  The demurrer states that

10  Plaintiffs were served with the complaint on November 4, 2011.  (Doc. 1, 12:11-12.)  If Plaintiffs

11  were, in fact, served on November 4, 2011, then they untimely filed their Removal Notice fifty-four

12  (54) days after they were served.  However, as no proof of service was submitted, the Court cannot

13  adequately determine when Defendants were served and if Defendants' Removal Notice was timely

14  filed within thirty (30) days from the date of service as required under 28 U.S.C. Section 1446(b).

15      Nonetheless, "[u]ntimeliness of removal does not allow the court to sua sponte remand the

16  action to superior court because an untimely removal notice is a non-jurisdictional procedural defect

17  that may be waived by a party failing to raise it." *McGuire v. California*, No. C-09-5918 VRW (PR),

18  2011 WL 97736 at *1 (N.D. Cal. Jan. 12, 2011) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v.*

19  *Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).  Further, "whether the action should

20  remain [in federal court] depends on whether the court has subject matter jurisdiction." *Id*.  Here,

21  as discussed below, the Court lacks subject matter jurisdiction.

22  **C.    This Court Lacks Subject Matter Jurisdiction**

23      **1.    No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

24      The Removal Notice provides a copy of the complaint that is the subject of this removal.

25  (Doc. 1, pp. 5-8.)  The complaint contains a single claim for unlawful detainer filed by Plaintiff

26  Belair Land Company, LLC ("Plaintiff").  (Doc. 1, pp. 5-7.)

27      Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that

28  "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,

1   or treaties of the United States." Defendants' Removal Notice appears to assert a *defense* of

2   violations of 12 U.S.C. § 5220, the Assistance to Homeowners under the Troubled Assets Relief

3   Program. (Doc. 1, 2:25-26.)

4        Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party

5   claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*,

6   556 U.S. 49, 129 S.Ct. 1262, 1272 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales,*

7   *Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*,

8   No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l*

9   *Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal.

10  Dec. 20, 2010) (*stay denied* NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at

11  *1-*2 (E.D. Cal. Feb 03, 2011). The complaint indicates that the only cause of action is one for

12  unlawful detainer, which arises under state law and not under federal law. As such, there is no

13  jurisdictional basis for removal since the unlawful detainer action, on its face, fails to raise a federal

14  question.[2]

15      **2.    No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

16       Federal district courts have original jurisdiction over cases where there is complete diversity

17  of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds

18  $75,000. *See* 28 U.S.C. § 1332(a). The complaint was filed as a limited civil case and does not

19  allege damages in excess of $75,000. Rather, the caption of the complaint expressly states that the

20  amount demanded does not exceed $10,000. (Doc. 1, p. 5.) When a plaintiff alleges damages in an

21  amount less than the jurisdictional minimum, "a defendant will be able to remove the case to federal

22

23

24

25

26

27       [2] It is further unclear how any purported violations of 12 U.S.C. § 5220 relate to Plaintiffs, as Section 5220 deals
    with assistance to *homeowners* regarding modifications for mortgages. Here, Plaintiffs appear to be renters, not

28  homeowners, as they include in their Removal Notice a copy of the 1-year Lease Agreement between the parties.
    (Doc. 1, p. 16.) Plaintiffs do not articulate how laws involving mortgage modifications would apply to the purported
    breach of their lease agreement.

court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).[3]

Here, Defendants do not establish that the amount in controversy exceeds $75,000 and fail to submit any evidence to meet their burden. (*See* Doc. 1.)  Further, courts have found "that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction." *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Bravo*, No. CV 08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009).  As such, the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b). Defendants' Removal Notice fails to allege Defendants' citizenship, but the Court notes that Defendants, representing themselves *pro se*, indicate that their address is located in Turlock, California. (Doc. 1, 1:1-3.)  Plaintiff's complaint indicates that Defendants resided in the State of California and that they were in possession of and occupying real property located in Stanislaus County, California. (Doc. 1, p. 5.)  Further, this action is for an unlawful detainer and indicates that Defendant's home address is located in Turlock, California. (*See* Doc. 1, p. 5.)  As such, Defendant's California residency negates removal jurisdiction based on diversity.  28 U.S.C. § 1441(b).

---

[3] As *Lowdermilk* was predicated on removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), there was a question whether the legal certainty standard is also applicable in the 28 U.S.C. § 1332(a) removal context. The Ninth Circuit specifically left this question unanswered in *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Nonetheless, several district courts have applied *Lowdermilk* in the Section 1332(a) removal context. *See, e.g., Lara v. Trimac Transp. Servs,* No. CV 10-09226 MMM, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010).

The Court notes, however, that 28 U.S.C. § 1441(c) was substantively amended on December 7, 2011, by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act").  Pub.L. 112-63, Title I, § 103, Dec. 7, 2011, 125 Stat. 759.  Pursuant to the Act, the district court determines the amount in controversy by a "preponderance of the evidence."  28 U.S.C. § 1446(c)(2)(b).  The Act is prospective in application as it applies to new state and federal lawsuits commenced on or after January 6, 2012.  Pub.L. 112-63, Title II, § 205.  As the instant case commenced in 2011, the amended version of Section 1441(c) is not applicable.  Further, the Court need not reach the question of whether *Lowdermilk's* higher standard should apply in the context of a Section 1332(a) removal.  Even if Defendants were held to the lower standard of establishing the amount in controversy by a preponderance of evidence, Defendants' Removal Notice does not satisfy that evidentiary standard.

Accordingly, the Removal Notice provides no actual basis for federal jurisdiction, and any implied basis of federal jurisdiction is not a proper basis for removal.  Defendants' motion for removal is DENIED and the action is REMANDED to the Stanislaus County Superior Court.

### III.   CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1.       Defendants' request for removal is DENIED.

2.       This action is REMANDED to the Stanislaus County Superior Court; and

3.       The Clerk of the Court is DIRECTED to serve a copy of this order on the Stanislaus County Superior Court.

IT IS SO ORDERED.

**Dated:    February 21, 2012                    /s/ Sheila K. Oberto        **
UNITED STATES MAGISTRATE JUDGE